```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #:_____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 11/21/2023
---------------------------------------------------------------- X
                                                                 :
JUNWU GONG,                                                      :
                                                                 :
                              Plaintiff,                         :
                                                                 :
           -v-                                                   :
                                                                 :       23-cv-00343 (LJL)
STUART M. SARNOFF, O'MELVENY & MYERS                             :
LLP, CARL M. STANTON, CITY OF NEW YORK,                          :       MEMORANDUM &
OFFICER JOHN DOE 1, OFFICER JOHN DOE 2,                          :          ORDER
OFFICER JOHN DOE 3,                                              :
OFFICER LAUREN A. DUFFY,                                         :
                                                                 :
                              Defendants.                        :
                                                                 X
----------------------------------------------------------------
```

LEWIS J. LIMAN, United States District Judge:

Before the Court is the motion of Plaintiff Junwu Gong ("Plaintiff") to voluntarily dismiss his claims against Defendant Carl M. Stanton ("Defendant"). Dkt. No. 93. The motion comes approximately three months after Plaintiff sought entry of default judgment against Defendant. *See* Dkt. No. 76. The Court construes Plaintiff's voluntary dismissal motion as a belated acknowledgment that Plaintiff served the wrong individual.[1] Because Plaintiff has served the wrong individual, the motion for entry of default is denied and the Clerk of Court is respectfully directed to close the motion at Dkt. No. 76.[2]

---

[1] The content of the motion makes clear that Plaintiff does not intend to dismiss all claims against the Mr. Stanton whom Plaintiff intended to serve. Accordingly, the Court does not construe the motion as one to dismiss the charges against that individual.

[2] The Court previously issued orders to show cause why the Court should not impose sanctions pursuant to Federal Rule of Civil Procedure 11 on Plaintiff's counsel for the filing of the motion for entry of default. Dkt. Nos. 85, 90. Plaintiff has submitted a memorandum of law arguing that sanctions should not be imposed. Dkt. No. 94. The Court declines to impose Rule 11 sanctions. Plaintiff's counsel has chosen not to press the arguments in his motion after being

Plaintiff also seeks leave to serve the Amended Complaint on the correct Mr. Stanton by February 15, 2024. Dkt. No. 93. That request is denied and the Complaint and Amended Complaint against Mr. Stanton are dismissed without prejudice. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 93.

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within ninety days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). A court is required to grant an extension of time for service on a defendant only upon a showing of "good cause" by the plaintiff. *Id.* "To establish good cause, a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Fantozzi v. City of New York*, 343 F.R.D. 19, 26 (S.D.N.Y. 2022) (internal quotation marks omitted). "A delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000). Absent a showing of good cause, a court retains the discretion to grant an extension of time to serve, but is not required to do so. *See, e.g.*, *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007).

This is a case of mistaken identity. The Complaint in this case, naming a "Carl M. Stanton" as a defendant, was submitted on January 18, 2023. Dkt. No. 2. Plaintiff filed an

---

alerted to the potentially sanctionable nature of that filing. Though counsel failed to conduct a reasonable investigation, the conduct is not sufficiently egregious to give rise to *sua sponte* Rule 11 sanctions. Counsel has sufficiently shown that, when making the filing, he "honestly believe[d] that it had plausible evidentiary support." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 91 (2d Cir. 2003) (discussing standard for imposition of Rule 11 sanctions by the court *sua sponte*).

affidavit of service as to Stanton on March 20, 2023, Dkt. No. 18, and again on July 26, 2023, Dkt. No. 61.  However, Plaintiff served the wrong Carl Stanton.  The individual who was served bears the same name as the person whom Plaintiff named in the Complaint but does not resemble that individual, does not own the car the individual was alleged to have been driving, and does not know anything about the allegations.  Plaintiff was informed in March 2023 that he served the wrong person.  When that individual (whom the Court will refer to as the "wrong Mr. Stanton") was served in March 2023, his attorney promptly informed Plaintiff's counsel that Plaintiff had served the wrong person, and that the person who was served knew nothing of the allegations in the complaint and did not own the vehicle alleged to be owned by Stanton in the complaint.  Dkt. No. 83 ¶¶ 3–4.  When asked the basis for believing that Plaintiff had served the correct individual, Plaintiff's counsel stated that he had photographic and video evidence—but declined to produce such evidence.  *Id.* ¶ 6; Dkt. No. 76-3.  A few weeks later, counsel for the wrong Mr. Stanton again emailed Plaintiff's counsel to discuss the same issue—the basis of Plaintiff's belief that the correct individual had been served.  Dkt. No. 82-2 at 8–9.  Counsel for the wrong Mr. Stanton was ignored.  Dkt. No. 83 ¶ 9.  Months later, on July 26, 2023, Plaintiff's counsel emailed counsel for the wrong Mr. Stanton, demanding he make an appearance and reiterating that Plaintiff had testimonial and documentary evidence of the served individual's involvement in the events giving rise to the complaint.  *Id.* ¶ 10; Dkt. No. 82-2 at 8.  Counsel for the wrong Mr. Stanton immediately responded by again asking the basis for naming his client. Dkt. No. 82-2 at 8.  That response went unanswered until September 5, 2023, when Plaintiff's counsel emailed Plaintiff's motion for entry of default judgment against Mr. Stanton—which

Plaintiff had improperly submitted to the Court earlier that day,[3] Dkt. No. 76—to counsel for the wrong Mr. Stanton, Dkt. No. 82-8 at 8.  Counsel for the wrong Mr. Stanton then responded with a formal letter to Plaintiff again noting the differences between the individual identified in the complaint and the individual served, Dkt. No. 82-4, and, the following week, entered an appearance before the Court, Dkt. Nos. 77–78.  The Court held a conference on Plaintiff's motion for default judgment on September 18.  It was not until after the conference, at which the Court ordered Plaintiff to share with counsel for the wrong Mr. Stanton the photographs and videos taken from the events identified in the Complaint purportedly showing that the individual served was the correct person, that Plaintiff finally produced the evidence.  Dkt. No. 82-3.  At that point, it became obvious to all that Plaintiff had served the wrong person.  *Compare* Dkt. No. 82-3 at 4–5 (showing the man identified in the complaint to have gray hair and glasses) *with* Dkt. No. 82-5 at 3 (showing the individual served, a bald man who does not wear glasses).  Counsel for the individual served informed Plaintiff again that he had served the wrong person on September 18.  Dkt. No. 82-5 at 2.

Plaintiff has not shown good cause to extend time to serve process on these facts.  "Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service."  *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432–33 (S.D.N.Y. 2016).  Far from evincing "circumstances beyond the plaintiff's

---

[3] Local Rule 55.1 and this Court's individual practices require a party seeking entry of default against another to file a request for a Clerk's Certificate of Default and an affidavit demonstrating that the party against whom default is sought "has failed to plead or otherwise defend the action" and "the pleading to which no response has been made was properly served" *before* filing a motion for an entry of default.  Local Civ. R. 55.1; *see also Grazette v. Rockefeller*, 2022 WL 252631, at *2 (S.D.N.Y. Jan. 26, 2022) (Nathan, J.).  Plaintiff failed to do so.

control," *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003), the facts here reflect that Plaintiff has been on notice since March 2023—more than eight months—that he may not have served the individual named in the complaint and failed to investigate or to ensure that the right person was served, *see Fantozzi*, 343 F.R.D. at 28 (considering the amount of time that plaintiff knew that service was deficient in assessing whether the plaintiff showed "good cause"). Nor did Plaintiff move for an extension of the service deadline when he was put on notice in March 2023 that he may have served the wrong person. *See, e.g.*, *AIG Managed Mkt. Neutral Fund*, 197 F.R.D. at 108 (considering whether a plaintiff moved for an extension in assessing whether "good cause" existed). In fact, Plaintiff continued to press the claim that he had served the correct person in the face of evidence to the contrary. *See DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) (considering whether defendant informed plaintiff of defect of service). Plaintiff did not even produce to the individual served the evidence purporting to verify that the person served was the person named in the Complaint until he was ordered to do by this Court—six months after the wrong Mr. Stanton was served. Had Plaintiff produced the "evidence" when it was first requested, he would have confirmed that he served the wrong person with ample time to correct his mistake. *See Fantozzi*, 343 F.R.D. at 28 (considering whether a plaintiff took steps to correct the service error when notified that service was deficient). During all of that time, serious allegations were outstanding against the Carl M. Stanton named in the Complaint without that person being given notice of the allegations or an opportunity to defend himself. *See, e.g.*, *Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013) (considering whether the defendants named in the complaint were on notice of the allegations against them). And the Carl M. Stanton named in the complaint, who has not been notified of the serious claims pending against him for eight months, would be prejudiced by

further delay.  *See, e.g.*, *Junior-Donohue v. Fudge*, 2023 WL 5152299, at *4 (S.D.N.Y. Aug. 10, 2023) ("[T]he specter of prejudice to Defendants from delays in service compound the challenges of defending the action because of the passage of time.").  The fact that Plaintiff was not proceeding *pro se*, but rather was represented by an attorney, further tilts in favor of denying an extension of time.  *See, e.g.*, *Benites v. N.Y. Dep't of Corrs. & Cmty. Supervision*, 2023 WL 1966181, at *5 (S.D.N.Y. Feb. 13, 2023).  Accordingly, Plaintiff has failed to show good cause for an extension of time to serve.

The Court declines to grant a discretionary extension of time under these circumstances.  "To obtain a discretionary extension absent a showing of good cause, 'the plaintiff must ordinarily advance some colorable excuse for neglect.'"  *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) (quoting *Zapata*, 502 F.3d at 198)).  Plaintiff points to no such excuse here.  He provides no explanation for his counsel's refusal to verify the identity of the person served, or even to provide the person served with the "evidence" that he had that purportedly supported his view that service was effected on the right person.

"The self-evident purpose of Rule 4(m) is to speed litigation and to discourage haphazard and delayed service."  *Colds v. Smyth*, 2023 WL 6258544, at *12 (S.D.N.Y. Sept. 26, 2023) (internal alterations omitted).  Granting additional time now to Plaintiff to effect service on the correct individual would further delay this case and run counter to the "just, speedy and inexpensive determination" of the case.  Fed. R. Civ. P. 1.  Because the correct individual was not timely served and because there is no excuse for Plaintiff essentially sitting on his hands for months after being informed that service may have been defective, the Complaint and Amended Complaint are dismissed against Stanton without prejudice.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 76 and 93.

SO ORDERED.

Dated: November 21, 2023
       New York, New York

                                                 LEWIS J. LIMAN
                                         United States District Judge