UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JUNWU GONG,

                                        Plaintiff,

-against-

STUART M. SARNOFF, O'MELVENY & MEYERS LLP, CARL M. STANTON, CITY OF NEW YORK, OFFICER JOHN DOE 1, OFFICER JOHN DOE 2, OFFICER JOHN DOE 3, OFFICER LAUREN A. DUFFY,

                                        Defendants.

------------------------------------------------------------------- x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS THE CITY OF NEW YORK AND LAUREN A. DUFFY'S MOTION TO DISMISS**

23-CV-00343 (LJL)

## PRELIMINARY STATEMENT

Defendants City of New York and Lauren A. Duffy respectfully submit this Reply Memorandum of Law in further support of their Motion to Dismiss (ECF Dkt. No. 92) and in response to Plaintiff's Memorandum in Opposition to Motion to Dismiss ("Opposition"), filed on December 8, 2023. (ECF Dkt. No. 98.) As detailed more fully herein, Plaintiff's Opposition fails to adequately address the deficiencies of the governing pleading, and the Defendants' motion to dismiss this action should be granted for several reasons. First, instead of pointing to any particular set of facts articulated in his Amended Complaint that refute that the pleading is conclusory, Plaintiff merely advises the Court to read the complaint to support his position. (Plaintiff's Opposition at ¶ 18. ) Second, Plaintiff fails to plead a plausible conspiracy claim, as the Court already determined in dismissing the other parties. Third, Plaintiff fails to articulate a cognizable retaliatory act, as is required to properly plead a First Amendment retaliation claim. Fourth, notwithstanding his opinion to the contrary, Plaintiff claim for municipal liability cannot survive a motion to dismiss as it is pled. Finally, Plaintiff continues to misinterpret the elements necessary

to make out a failure to intervene claim, and fails to address any of the deficiencies in his Opposition. Plaintiff has failed to meaningfully respond to any of the arguments in Defendant's motion, and for all of the reasons discussed in the Defendants' moving papers and in this Reply, Plaintiff's Amended Complaint should be dismissed with prejudice.

## ARGUMENT

### POINT I

**All claims against the Defendants are conclusory and must be dismissed.**

The Amended Complaint alleges numerous constitutional violations but fails to provide sufficient facts to support any of Plaintiff's claims. Instead, the pleading just states – *without any proof* – that "there is an inextricable nexus between the various Defendants, and as such all Defendants, public and private, are willful participants in depriving the Plaintiff of his rights."(FAC ¶ 142.)  However, Plaintiff provides no factual basis to support this conclusion and instead, repeats the same hackneyed arguments that were previously rejected by this Court. In his complaint, Plaintiff alleges that Defendant violated his First, Fourth, and Fourteenth Amendment Rights. (FAC at Count 1, Pg. 20) Now, in Plaintiff's Opposition, he feebly tries to ward of dismissal by stating that he was denied the "full exercise of his…rights under the First Amendment, to the extent that such amendment might protect public demonstration." (Plaintiff's Opposition at ¶ 14; Dkt. No 95.) Instead, of pointing to any actual underlying facts in the Amended Complaint that would support such a claim, Plaintiff argues that the "allegations are not conclusory, because they lay out facts that could support the legal conclusions." (Id. at ¶ 18.) This is circular logic and does nothing to illustrate the presence of colorable facts to support Plaintiff's position. Thus, his argument is conclusory in itself and should be disregarded.

Next, Plaintiff again tries to rely on arguments previously rejected by this Court. For example, in Plaintiff's Opposition, he states "The parties targeted by these protestors are both financially and politically powerful, and it would be natural and acceptable generalization to suggest that they hold at least a modicum of political sway in New York City. This is stated explicitly and implicitly in the operative Complaint." (Plaintiff's Opposition at ¶ 30; Dkt. No. 98). This Court has already rejected this kind of circumstantial evidence as insufficient to support Plaintiff's claim. (See Opinion and Order, dated July 17, 2023, ECF Dkt. No. 57). As Plaintiff has failed to properly plead his numerous allegations of Constitutional violations, all claims against City Defendants should be dismissed with prejudice including those for Conspiracy, First Amendment Retaliation, and Failure to Intervene.

## POINT II

### Plaintiff has not properly pled a conspiracy, as this Court has already determined when dismissing other parties

This Court has already held that Plaintiff has failed to establish a conspiracy between the NYPD and other parties. This Court dismissed with prejudice all claims against Defendant O'Melveny and Meyers LLP on July 17, 2023. (See Opinion and Order, dated July 17, 2023, ECF Dkt. No. 57). On November 21, 2023, this Court dismissed all claims against Defendant Stanton. (See Opinion and Order, dated November, 21, 2023, ECF Dkt. At 95.) In his opposition, Plaintiff proceeds in a conclusory fashion, asserting that "Plaintiff had been protesting daily… this was *clearly* not welcomed by the target of said protests." (Plaintiff's Opposition at ¶ 30) (emphasis added). Plaintiff bases the foundation of his conspiracy allegations on generalizations, writing that "The parties targeted by these protestors are both financially and politically powerful, and it would be a natural and acceptable generalization to suggest that they hold at least a modicum of political

sway in New York City." (Id). Plaintiff's insistence that he has properly plead a conspiracy claim is not in good faith, as this Court has already held that "Plaintiff pleads no facts that would establish a common goal between O'Melveny and/or Sarnoff and the NYPD, through Stanton or otherwise, or a plan to deprive Plaintiff of his constitutional rights." (See Opinion and Order, dated July 17, 2023, p. 17 at ECF Dkt. No. 57). There are no additional facts alleged here that would alter the outcome as it pertains to the remaining defendants. Further, Plaintiff has failed to respond to Defendant's argument that under the intra-corporate conspiracy doctrine, the officers, employees, and agents of the same corporate entity acting within their scope of employment, along with the corporate entity itself, are considered a single entity and are legally incapable of conspiring with each other." Biswas v. City of N.Y., 973 F. Supp. 2d 504, 534 (S.D.N.Y. 2013). As Plaintiff has not properly pled a conspiracy, this claim should be dismissed with prejudice.

## POINT III

## Plaintiff fails to plead any retaliatory act required for a First Amendment retaliation claim

In his Opposition, Plaintiff posits – without support – that his allegation that the officers failed to file a police report is sufficient to sustain a First Amendment retaliation claim. To state a First Amendment retaliation claim sufficient to withstand a motion to dismiss, a plaintiff must allege that the defendant *took adverse action against the plaintiff*, and protected speech caused the adverse action. Dolan v. Connolly, 794 F.3d 290, 294 (2d Cir. 2015) (citations and internal quotations omitted)(emphasis added). As defendants previously explained, an adverse action is "conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003)(citation omitted).

Plaintiff has not cited any support for the proposition that a similarly situated individual would be deterred from exercising their First Amendment rights out of fear that a responding officer would not file a police report. On the contrary, to support his position, Plaintiff cites an incongruent case dealing with employment law, <u>Tyler v. Bethlehem Steel Corp.</u>, 958 F.2d 1176 (2d Cir. 1992). The case does nothing to support Plaintiff's position, but instead focuses on the admissibility of circumstantial evidence. (Plaintiff's Opposition at ¶ 34.) As Plaintiff has failed to plead one of the necessary elements of a First Amendment retaliation claim, this claim should be dismissed with prejudice.

## POINT IV

### Plaintiff fails to plead a municipal liability claim

In Plaintiff's Opposition to Defendant's motion, he quotes <u>Twombly</u>, for the proposition that factual allegations must be enough to raise a right to relief above the speculative level and must be more than labels and conclusions. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). However, Plaintiff's municipal claim points to no specific policy, or custom that allegedly led to a violation of Plaintiff's Constitutional rights. At the pleadings stage, a plaintiff must do more than make a colorable claim against City employees; he must also "allege facts that would support a finding that the violation of his rights was the result of a policy or a custom undertaken by the City." <u>Harper v. City of New York</u>, 424 Fed. Appx. 36, 38 (2d Cir. 2011). Rather, Plaintiff vaguely refers to all four theories upon which a municipal liability claim can be alleged, without providing any specificity about which theory he is pleading, and more importantly, which actions by other officers or the City give rise to such a claim. (FAC at ¶ 144.) In order to establish municipal liability, plaintiff must establish that an identified municipal policy or practice was "the moving force [behind] the constitutional violation." <u>Monell v. Department of Social Services</u>, 432 U.S.

658,694 (1978). Plaintiff has failed to identify a municipal policy or practice and has further failed to demonstrate that the policy or practice was the moving force behind any constitutional violation. Therefore, Plaintiff's Monell claim must be dismissed.

## POINT V

### Plaintiff misinterprets a failure to intervene claim and fails to address any deficiencies in his Opposition.

To establish a failure to intervene claim a plaintiff must show an officer permitted *fellow officers* to violate plaintiff's clearly established statutory or constitutional rights. Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 129 (2d Cir. 1997) (emphasis added). Plaintiff has failed to provide any underlying allegations that another officer violated his constitutional rights. In his Opposition, Plaintiff bases his failure to intervene claim on the allegation that he was stopped from protesting and was prevented from exercising his First Amendment rights. (Plaintiff's Opposition at ¶ 36.) However, Plaintiff does not allege that any police officer actually stopped him from protesting or exercising his First Amendment right. To the contrary, Plaintiff alleges he called 911 to report an altercation with a third-party, several police officers responded and observed the protest from a distance. (FAC at ¶¶ 101-110.) Officer Duffy and her partner then spoke to Plaintiff and another individual which Plaintiff identified as non-NYPD member "Carl Stanton." (Id. at ¶ 121.) Next, Plaintiff contends that the officers left, and at this point, Plaintiff and other protestors decided on their own volition to cease protesting and go to lunch at a nearby restaurant. (Id. at ¶ 125.) At no point in Plaintiff's Amended Complaint or Opposition does he point to any action by a fellow officer that violated or in any way interfered with his First Amendment rights.

Further, Plaintiff fails to point to a single case that would support his failure to intervene claim. Instead, Plaintiff cites to case law explaining the merits of a failure to intervene claim in the false arrest and excessive force context. Plaintiff quotes <u>Anderson v. Branen</u>, stating, "An officer who fails to intercede is liable for the preventable harm caused by the actions *of the other officers* where that officer observes or has reason to know . . . that a citizen has been *unjustifiably arrested*." <u>Anderson v. Branen</u>, 17 F.3d 552, 557 (2d Cir. 1994)(emphasis added). Plaintiff does not contend, and cannot maintain that he was ever arrested by any officer, including Officer Duffy. Further, Plaintiff cites to <u>Usavage v. Port Authority</u>, an excessive force case, for the proposition that "Failure to intervene claims are contingent upon the disposition of the primary claims underlying the failure to intervene claim." 932 F. Supp. 2d 575, 599 (2013); Plaintiff's Opposition at ¶ 35. Plaintiff has not alleged that any officer used any force against him, let alone excessive force. While Plaintiff fails to reference a single failure to intervene case in the context of the First Amendment, he also fails to respond to Defendant's argument that officers are under no obligation to intervene for the acts of third party non-officers, where the plaintiff is not in police custody. <u>See Town of Castle Rock v. Gonzales</u>, 545 U.S. 748, 761 (2005). As Plaintiff fails to allege any action by any officer which violated a constitutional right, his failure to intervene claim should be dismissed as a matter of law.

## **CONCLUSION**

For the foregoing reasons, and for the reasons outlined in the Defendants' initial memorandum of law, Defendants City of New York and Lauran A. Duffy respectfully request that this Court grant their motion to dismiss the Amended Complaint in its entirety, with prejudice, and for such other and further relief as the Court deems proper and just.

Dated: December 20, 2022
New York, New York

                **HON. SYLVIA O. HINDS-RADIX**
                Corporation Counsel of the City of New York
                *Attorney for Defendants City and Duffy*

By:     /s/ *Joseph Zangrilli*
        Joseph Zangrilli
        *Senior Counsel*
        Special Federal Litigation Division
        100 Church Street
        New York, New York 10007
        (212) 356-2657

CC:    <u>VIA ECF</u>